**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PEDRO REARTES,**

         **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-600-Orl-22DAB**

**MRW MAINTENANCE, INC., and**
**AUGUSTO A. ST. ROSE,**

         **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on review of the file.  On referral from the District Judge, the undersigned noticed a settlement conference for October 23, 2006 (Doc. Nos. 19, 20).  The Notice specified that counsel and all parties must attend in person. Despite the clear terms of the Notice, neither of the two Defendants appeared at the conference, nor did defense counsel. As a result, the Court issued an Order to Show Cause directed to Defendants and defense counsel, as to why sanctions should not be entered against them, for failure to appear (Doc. No. 21). The Order specified that sanctions might include, but were not limited to, the striking of pleadings and the entry of a default judgment for abandoning the defense of the case, and/or the imposition of monetary sanctions, as appropriate, and noted that failure to timely respond to the Order might result in the entry of a default, without further notice.

      Two responses have been filed to the Order to Show Cause. The first response (Doc. No. 22) is filed by defense counsel, apparently on his own behalf, and not as a response from the corporate

defendant. In this response, defense counsel John J. Patino[1] contends that he should be excused from his non-attendance due to the "complete" non-cooperation of the sole corporate officer and shareholder, Defendant Augusto A. St. Rose. Assuming the truth of these allegations, the Court fails to see how the lack of client cooperation serves to excuse Mr. Patino's absence from the conference. Mr. Patino received notice of the conference, and the Notice itself is clear that counsel **"must"** appear in person (emphasis in original). The appearance required by the Notice is not conditional on a client's cooperation. Moreover, at no time in the intervening month did Mr. Patino seek to be excused from his attendance at the conference, and there is no explanation as to why he could not attend the conference and make his concerns known to the Court at that time. Rather, it is apparent that Mr. Patino simply chose to ignore the Notice and has, in effect, deemed himself to be withdrawn from the case, despite the Court's clear Order to the contrary.[2] While the Court recognizes that a settlement conference is unlikely to be effective absent the appearance and cooperation of one of the parties, that knowledge does not serve as an excuse for counsel to ignore an order to appear. Mr. Patino should have attended or should have sought to excuse his attendance prior to the conference. He is hereby **reprimanded** for his failure to do so, and cautioned that any further disregard of Court Orders will lead to more onerous sanction.

As for the Defendants, Mr. St. Rose has filed a paper, as "Company Representative," which states only that:

---

[1] Counsel had previously moved to withdraw from representation of both the corporation and the individual Defendants. The Court granted the motion only as to the individual Defendant. (Doc. Nos. 15 and 16).

[2] In denying the motion to withdraw as corporate counsel, the Court ordered that: "Attorney Patino shall continue to represent the corporation, as best he can, under the circumstances . . ." (Doc. No. 16).

> "Attorney Patino will not represent MRW Maintenance, Inc. and Augusto A. St. Rose as counsel to the defendants. MRW Maintenance Inc., have [sic] a new counsel for the representation of MRW Maintenance, Inc. and Augusto A. St. Rose."

(Doc. No. 23). No such new counsel has filed an appearance in this matter, and the paper fails to provide any excuse for the failure of these Defendants to appear at the settlement conference.[3] Absent any explanation as to why neither Defendant attended, despite express direction from the Court, the Court concludes that neither Defendant has adequately shown cause as to why sanctions should not be imposed.

As for the appropriate sanction to be imposed, the Court notes that Mr. Patino moved to withdraw from representation in this case in July. Although Defendants say that they have new counsel, to date, no such counsel has appeared, despite the issuance of two show cause orders and a Notice of settlement conference filed since the motion to withdraw. Absent any purported justification for failing to attend the settlement conference, it appears to the Court that the Defendants seek only to delay the orderly progression of this case, and have no real desire to defend. As such, it is **respectfully recommended** that the Court **strike** the Answer of the Defendants and enter a default for abandoning the defense of this claim.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 13, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that the Notice of the settlement conference was mailed to Defendant St. Rose on September 22, 2006, a month prior to the conference. (*See* Doc. No. 20 and docket entry following.)

-4-

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy